Sigel *v.* Johns.

---

## JOHN C. SIGEL *vs.* AUGUSTA JOHNS, impleaded, &c.

Where a married woman, since the acts of the legislature, of 1860 and 1862, concerning the rights and obligations of married women were enacted, being possessed of real estate as her separate property, bargains and sells the same, and joins with her husband in a deed thereof, which contains covenants of seisin, of warranty, and against incumbrances, such covenants are binding and obligatory upon her, so far as to render her separate property liable for their non-performance.

And an action will lie against her, to recover damages for a breach of the covenant against incumbrances, in the same manner as if she were sole ; the object of such action being to satisfy the plaintiff's demand, out of her separate estate.

The statute, neither by its language, nor its fair import, requires the complaint, in such an action, to show that the defendant has separate property.

The effect of the act of 1860 is that, in the actions provided for, the defendant may, though married, be sued and prosecuted precisely as if she were a single woman.

But this construction does not extend the section prescribing the obligation by means of the covenant beyond its ordinary and natural import; for it can in no possible event render the liability greater than that declared by the statute; as nothing more than the defendant's separate property can be taken for the purpose of satisfying the judgment.

APPEAL from an order made at a special term, over-ruling demurrer to complaint.

*Cary & Bolles*, for the appellant.

*Angel & Finch*, for the respondent.

*By the Court*, DANIELS, J. The complaint in this cause shows that the defendant Augusta A. Johns was the owner of certain real estate situated in Olean, in her own sep-arate right; and that she, together with her husband, executed and delivered to the plaintiff a deed of convey-ance of the same, for a valuable consideration. That such deed contained covenants by which the defendants jointly, as husband and wife, covenanted that they were well seised of the premises conveyed, free and clear of incumbrances, and that they would forever warrant and defend them in the quiet and peaceable possession of the plaintiff, his heirs and assigns, against any person whomsoever law-fully claiming the same, or any part thereof. And that at that time they were incumbered by a mortgage which was afterwards foreclosed, and on which the premises were subsequently sold. No allegation was made that the de-fendant Augusta Johns was the owner of any separate estate whatever, beyond the premises conveyed to the plaintiff. A general demand of judgment was made for the damages sustained by the plaintiff by means of the breach of the covenants in question.

The defendant Augusta Johns demurred to the com-plaint, assigning several grounds of demurrer, but the only one relied upon was that which averred that the complaint did not state facts sufficient to constitute a cause of action against her. The special term gave judgment for the plaintiff, upon the demurrer, and the defendant Augusta Johns appealed.

The deed referred to in the complaint was executed and

delivered in the year 1866, and it was therefore subject to the provisions of the statutes enacted by the legislature, concerning the rights and obligations of married women, in the years 1860 and 1862. By the first of these statutes it was provided that any married woman possessed of real estate as her separate property, might bargain, sell and convey it, and enter into such covenant or covenants for title as are usual in conveyances of real estate, which covenants should be obligatory to bind her separate property in case the same or any of them be broken. (4 *N. Y. Stat. at Large,* 516, § 3.) Under this provision the covenants contained in this deed were binding and obligatory upon the defendant Augusta Johns, even though she was a married woman, so far as to render her separate property liable for their non-performance. And by the next section of the statute it was further provided that in all matters relating to the separate property of a married woman, she may sue and be sued in the same manner as if she were sole. (*Id.* § 7.)

There can be no doubt but that a single female could be sued in a common action at law upon such a covenant; and as that is the case, there can be as little room for doubt, under this provision of the statute, but that a married woman may in such a case be sued in the same manner. The legislature have prescribed that as the law, in clear and express terms. The subject of the suit is a matter relating to the separate property of the defendant as a married woman. It is to effect satisfaction of the plaintiff's demand out of such property that the action is brought; and for that reason it is within the clear signification of the terms made use of in the section last referred to. This statute, neither by its language nor its fair import, requires the complaint to show that the defendant has separate property; for no such fact could be required to be alleged in an action upon a similar covenant against a single woman. And in the cases provided for, the action

may be brought in the same manner as though it was against a sole and unmarried female; and that would not be done if the allegation were required that the defendant had separate property. The effect of the statute is, that in the actions provided for, the defendant may, though married, be sued and prosecuted precisely as if she were a single female. (*Barton* v. *Beer*, 35 *Barb.* 79.) This construction does not extend the section prescribing the obligation by means of the covenant beyond its ordinary and natural import; for it can in no possible event render the liability greater than that declared by the statute; as nothing more than the defendant's separate property can be taken for the purpose of satisfying the judgment.

If any doubt could exist as to the propriety of this construction, it would be removed by the last section of the act of 1862; for that provides that a married woman may be sued in any of the courts of this State, and whenever judgment shall be recovered against her, it may be enforced by execution against her sole and separate estate, in the same manner as if she were sole. (4 *Gen. Statutes N. Y.* 517, § 7.) This section is even broader than section seven of the act of 1860, in this respect; because it has provided for the sale of her property by means of legal process, in cases where she may have rendered herself liable to an action, in the same manner as if she were sole. This liability may be enforced in any of the courts in this State, which could not be the case if only equitable actions could be maintained against her for the purpose of satisfying demands out of her separate property. The provisions contained in the Code, relating to suits against married women, were enacted in the same spirit; for they contemplate the recovery of damages against her, and provide for their collection, with costs, by means of process by execution for the levy and sale of her separate property. (*Code*, § 274; *subd.* 4, § 287.)

In very many respects the legislature have conferred

upon married women the capacity, powers and privileges of single females; and so far as that has been done, it seems to have been the policy of the laws to subject them to a corresponding degree of legal as well as equitable liability. There was no good reason why that should not have been the case. Her own adequate protection, as well as the rights of persons dealing with her under her enlarged legal capacity, required that it should be done. There would have been no reason or justice, whatever, in conferring upon a married woman the legal powers and privileges of a single female, and at the same time withholding from those who acquired rights against her, by means of the use and enjoyment of those powers and privileges, all legal means of redress. The latter were as essential for the protection of persons dealing with her, as the former were for her own prosperity and profit.

Under the statutes referred to, the complaint in this cause did state facts sufficient to constitute a cause of action against the defendant, and the order appealed from should therefore be affirmed, with costs.

                                        Order affirmed.

[ERIE GENERAL TERM, November 21, 1870. *Marvin, Daniels* and *Talcott,* Justices.]